NATHANIEL H. EMMONS & another, executors, appellants, *vs.* EDWARD P. SHAW.

Suffolk. December 9, 1897. — June 22, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Tax — Collateral Legacies and Successions — Will — Power of Appointment.*

The donor of a power of appointment, rather than the donee, must be regarded as the decedent whose estate is liable to taxation under St. 1891, c. 425, entitled "An Act imposing a tax on collateral legacies and successions."

PETITION to the Probate Court of Suffolk County, by the executors of the will of George W. Wales, for instructions concerning the sums, if any, due the Commonwealth from the estate of said Wales on account of St. 1891, c. 425, entitled "An Act imposing a tax on collateral legacies and successions." The judge entered a decree declaring the estate subject to the tax; and the executors appealed.

Hearing before *Knowlton*, J., who, at the request of the parties, reserved for the consideration of the full court the question whether, upon the agreed statement of facts, any taxes were leviable under the statute upon the several interests in the undivided half of Wales Wharf, appointed under the will of George W. Wales.

It was agreed that Thomas B. Wales devised by his will, proved in 1853, an undivided half of a wharf in Boston to his son George W. Wales for life, and subject to his disposal by

will; that a portion of said undivided half was sold during the life of George under leave of court, and the proceeds reinvested under its order; and that George died in 1896, having executed the power of appointment by his will and codicil, duly proved in favor of certain relatives.

The case was argued at the bar in December, 1897, and afterwards was submitted on briefs to all the justices.

*F. Brewster*, for the appellants.

*F. T. Hammond*, Assistant Attorney General, for the appellee.

MORTON, J. The question in this case is whether George W. Wales, the donee of the power, is to be regarded as the decedent whose property passed by will, or whether Thomas B. Wales, the donor of the power, is to be regarded as the decedent. For it is manifest, we think, from the statute that the property referred to as passing by will is that of the decedent, and that it is the relationship of the parties described in the statute to the decedent which determines whether the property is subject to or exempt from taxation. In a sense, perhaps, one executing a power by will, so as to affect the disposition of property thereby, may be said to have caused its transmission by will, and therefore to be the decedent. It is settled in this Commonwealth that, if one has a general power of appointment and executes it by will, the property so appointed will be regarded as assets of his estate, and his creditors will be entitled to it in preference to his voluntary appointees. *Clapp* v. *Ingraham*, 126 Mass. 200. *Olney* v. *Balch*, 154 Mass. 318. See *Crawford* v. *Langmaid*, ante, 309.

It is also settled that, for the purposes of administration, it is more simple and convenient that the property should be administered by the executor of the will of the party exercising the power. *Olney* v. *Balch, ubi supra.* In some other respects the consequences which follow the exercise of the power of appointment would seem to tend to support the contention of the appellee that the donee of the power should be regarded as the decedent. *Hole* v. *Escott*, 4 Myl. & Cr. 187, 193. *Marlborough* v. *Godolphin*, 2 Ves. 61, 78, 79. Chitty, J., quoting St. Leonards on Powers, in *Rous* v. *Jackson*, 29 Ch. D. 521, 526. *Jackson* v. *Davenport*, 20 Johns. 537, 551. 2 Sugd. Powers, (3d Am. ed.) 19.

Nevertheless we think that the donor of the power rather

than the donee must be regarded as the decedent. The Legislature has not defined the word "decedent" as used in the statute, and has not attempted in terms to deal with property passing under powers of appointment, general or otherwise. It simply has enacted, amongst other things, that the property of a decedent passing by will shall pay a tax except in certain cases. The construction of the statute must be determined, therefore, by the application to the subject matter of the ordinary rules of law relating to powers of appointment, and by considering the manner in which those rules have been applied elsewhere to statutes imposing a tax on successions or legacies. See *Ryalls* v. *Mechanics' Mills,* 150 Mass. 190, 191. Generally speaking, what is done under a power of appointment is to be referred to the instrument by which the power is created, and operates as a disposition of the estate of the donor. *Heath* v. *Withington,* 6 Cush. 497. *Sewall* v. *Wilmer,* 132 Mass. 131, 136. *Osgood* v. *Bliss,* 141 Mass. 474. *Collins* v. *Wickwire,* 162 Mass. 143. *Venables* v. *Morris,* 7 T. R. 342. *Braybrooke* v. *Attorney General,* 9 H. L. Cas. 150. *Attorney General* v. *Floyer,* 9 H. L. Cas. 477. *Attorney General* v. *Smythe,* 9 H. L. Cas. 497. *Charlton* v. *Attorney General,* 4 App. Cas. 427. *In re Lovelace,* 4 DeG. & J. 340. *Attorney General* v. *Mitchell,* 6 Q. B. D. 548. *In re Barker,* 7 H. & N. 109. *Attorney General* v. *Upton,* L. R. 1 Ex. 224. *Robinson* v. *Hardcastle,* 2 T. R. 241. 4 Kent Com. 327, 337. 2 Greenl. Cruise, 219. 2 Washb. Real Prop. (5th ed.) 320. This is the ancient and established rule. Co. Lit. 113 a. Co. Lit. 379 b, note 1. *Cook* v. *Duckenfield,* 2 Atk. 562, 567. *Middleton* v. *Crofts,* 2 Atk. 650, 662 *Gresham's case,* Moore, 261. Although for some purposes the instrument by which the power is executed is regarded as an independent instrument, and the execution of the power by will constitutes the property assets of the donee's estate, the general rule is as we have stated it. If the power is not executed, the property passes according to the disposition contained in the instrument creating the power, and neither the donee nor those claiming through him have any right in the property by virtue of the unexecuted power. In England it is expressly provided by statute that the party executing the power shall be regarded in the case of a general power as the one from whom the estate is received. But for

the statute, it is clear, we think, that the donor of the power would be so regarded. *Braybrooke* v. *Attorney General,* 9 H. L. Cas. 150. *Attorney General* v. *Floyer,* 9 H. L. Cas. 477. *Attorney General* v. *Smythe,* 9 H. L. Cas. 497. *Charlton* v. *Attorney General,* 4 App. 427. *In re Lovelace,* 4 DeG. & J. 340. *Attorney General* v. *Mitchell,* 6 Q. B. D. 548. *In re Barker,* 7 H. & N. 109. *Attorney General* v. *Upton,* L. R. 1 Ex. 224. It is true that, in *Attorney General* v. *Upton,* Bramwell, B., speaking of § 2 of the Succession Duty Act, 16 & 17 Vict. c. 51, says that the words are to be interpreted in their ordinary sense, and that so interpreted the donee of the power would be the person from whom the property was derived. But in *Attorney General* v. *Mitchell,* Lindley, J., referring to this construction, which he calls "the popular construction," says that it never has been applied, but that the conveyancer's construction, as he terms it, "by which the appointment under a power is incorporated into the instrument creating the power," is the one which has been adopted. And the same principle has been applied in this country, so far as appears from the cases to which our attention has been called. *Commonwealth* v. *Williams,* 13 Penn. St. 29. *Commonwealth* v. *Duffield,* 12 Penn. St. 277. *In re Stewart,* 131 N. Y. 274. No doubt, as the appellee contends, the tax is in the nature of a duty upon the privilege of transmitting property by will, and the donee in executing the power by will exercises that privilege. But the statute does not provide that all property transmitted by will, or any other instrument intended to take effect on the death of the decedent, shall be taxed, but only the property of the decedent which passes by will or other instrument intended to take effect on his death to persons who do not sustain to him the relation described in the act. Any argument, therefore, derived from the fact that the tax is in the nature of a duty or excise on the privilege of transmitting property by will, is of no assistance in enabling us to determine whether the donor or donee of a power is to be regarded as the decedent.

The result is, that we think that so much of the decree of the Probate Court as decides that the remainder in the undivided half of Wales Wharf, and the proceeds of so much thereof as was sold under leave of court, are liable to a tax under St. 1891, c. 425, should be reversed. In all other respects said decree is affirmed.                    *So ordered.*