LAURENCE MINOT & others, trustees, *vs.* TREASURER AND RECEIVER GENERAL.

Suffolk.     December 5, 1910. — February 13, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Tax*, On legacies and successions.  *Inheritance Tax.  Power.  Constitutional Law.*

By St. 1909, c. 527, § 8, a succession tax is imposed on property received by the heirs of the settlor under a provision of a deed of trust, made in 1844, by reason of the failure of the beneficiary for life, who died after the passage of the statute, to exercise a power of testamentary appointment given to her by the deed of trust.

It is within the constitutional power of the Legislature to declare that property, which is subject to disposition by testamentary appointment and in default of such appointment is to go to certain persons or to a class of persons named, does

not vest in anybody as to its possession and enjoyment until the donee of the power of appointment exercises the power or dies without exercising it, and that when such property vests in possession, either by reason of an exercise of the power or by reason of a failure to exercise it, a succession tax shall be imposed; and therefore the provision to this effect in St. 1909, c. 527, § 8, is constitutional.

KNOWLTON, C. J.   This case comes before us by reservation on an appeal from a decree of the Probate Court,* instructing the trustees that a succession tax is due upon certain property, referred to in a deed of trust † which conveyed the property to trustees who were to pay the income of it to Nancy Willing Wharton for her life, and on her death to convey it to such person or persons as she by her will, or by any instrument of appointment in the nature of a will, should devise or bequeath it to, or should order and appoint to receive it; and in default of such will or instrument of appointment, to convey it in fee to her heirs at law.   Mrs. Wharton has deceased, leaving a will in which she expressly disclaimed any intention to exercise any power of appointment that she might have.

The respondent claims a succession tax upon the property under the St. 1909, c. 527, § 8, the first part of which is as follows: "Whenever any person shall exercise a power of appointment derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed to be a disposition of property by the person exercising such power, taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and of all acts in amendment thereof and in addition thereto, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the

---

* The decree in the Probate Court was made by *Grant*, J.   The reservation after the appeal was made by *Rugg*, J.

† This was a marriage settlement, executed on May 8, 1844.   Mrs. Wharton died on August 17, 1909.

provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." This statute was intended to cover certain cases where property, passing into the possession of new owners, was not previously subject to a tax upon the succession, and other cases where, with a possible construction of previous statutes, the property might be subject to a tax under them. It provides that the taxation shall be in the same manner as though the property belonged absolutely to the donee of the power, and had been bequeathed or devised by the donee by will. In this respect the provision is different from the construction that was given by this court to the previous statute, in its application to the taxation of property passing under the execution of a power. *Emmons* v. *Shaw*, 171 Mass. 410. The statute must be held to cover all cases that come within its terms, and to supersede all previous inconsistent legislation applicable to such cases.

The facts of the case before us are strictly within the language and purpose of the statute, and our decision must be governed by this enactment if it can be supported as constitutional.

It is contended that it calls for a taking of property without due process of law, because the persons who would take under a previously existing will or deed containing a power of appointment, if the power is not exercised, have a vested right in the property under the will or deed, such that their subsequent acquisition of it, in possession and enjoyment, is not a succession, and cannot be taxed as such.

It generally has been held that a title derived through a power of appointment in a will or deed is to be taken as coming from the donor of the power, rather than from the donee. But in many particulars the donee is often more directly responsible for the possession and enjoyment of the beneficiary than the donor. This is referred to in some of the cases from the Eng-

lish reports that are cited in *Emmons* v. *Shaw*, 171 Mass. 410, 413. In England it is expressly provided by statute that, in the case of a general power, the person executing the power shall be deemed to be the one from whom the estate is received. The reasonableness of this doctrine is also shown in the opinion in *Chanler* v. *Kelsey*, 205 U. S. 466.

The condition of property which is subject to a general power of appointment contained in a will or deed, and which, in default of appointment, is to be given over to persons named, is peculiar. The donee of the power has no title to it, but he has an absolute right to dispose of it by the exercise of the power. If the power is to dispose of it by an instrument in the nature of a will signed by three witnesses, as was the fact in this case, if he exercises the power the property becomes a part of his estate for administration after his death, and may be used for the payment of his debts. His relation to it is very much like that of an owner. *Clapp* v. *Ingraham*, 126 Mass. 200. *Olney* v. *Balch*, 154 Mass. 318. Those who would take, in default of an appointment, have only an interest which is contingent upon the conduct of the donee of the power, who can make it vest in them absolutely in possession, or can defeat it altogether. He can make it vest in possession by an appointment to the persons named as the takers in default of appointment, in which case it will be theirs, subject only to a possible use for the payment of his debts, or he can do it by an omission to exercise the power, or he can dispose of it by an appointment to others, thus terminating the contingent interest and leaving the contingent remaindermen nothing. After a will or deed containing such a power has taken effect and before the donee of the power has acted under it, have all rights of succession in possession and enjoyment so vested that there is no possibility of a succession that will come into existence later, when the final disposition of the property is determined by an exercise of the power or by a failure to exercise it? It is held, and so far as we know without dissent, that, through the exercise of the power, a right of succession to property may come into existence afterwards, which properly may be a subject for the imposition of a tax. *Emmons* v. *Shaw*, 171 Mass. 410. *Crocker* v. *Shaw*, 174 Mass. 266. *In re Dow's estate*, 167 N. Y. 227. *In re Cooksey's estate*, 182 N. Y. 92. *Chanler* v. *Kelsey*,

205 U. S. 466. The tax is imposed as of the time when the succession in possession and enjoyment occurs through the happening of the event that determines it.

The cases above cited, from the New York Court of Appeals and the Supreme Court of the United States, show that the succession is not so vested, in those who will take if the power is not exercised, that it may not go to the appointee through the exercise of the power of appointment. Until the time comes for the final determination, it is not established as belonging to any one. Then comes the statute which we are considering, and which was considered in the above cited cases in New York and in the Supreme Court of the United States. It declares, in substance, that the exercise of the power shall be considered as giving the succession to the appointees, and that the refusal or omission to exercise the power shall be considered as giving the succession to the persons who are to take in default of the exercise of it. The statute treats the result as depending upon the conduct of the donee, who may appoint or refrain from appointing. If he appoints, the succession under the statute is to be treated as determined by him, and the right thus acquired by the appointee is treated as taxable, because received as a benefit under our law. Can there be any doubt of the power of the Legislature so to treat the coming of the appointee into the succession? It seems not. To this extent the cited cases seem to go.

It is but a short step further to apply the second part of the statute, which refers to coming into succession through the conduct of the donee in refusing or omitting to make an appointment that might carry the succession elsewhere. While he has the power of appointment, he is in control of the succession. He may allow it to go to the persons named in the will or deed, or he may transmit it elsewhere. By exercising the power he may even give his own creditors the benefit of it after his death. When property is held subject to such possibilities of disposition, is it usurpation or an unlawful interference with vested rights for the Legislature to say that the succession in possession and enjoyment is not yet determined, that it belongs to no one until it is determined, that the determination of it depends upon the will and conduct of the donee of the power,

and that when it is determined by his conduct, either by action or by refraining from action, it shall be subject to a tax? We think it is in the power of the Legislature to say, in reference to succession in possession after the death of the persons whose decease is awaited, that property so held is not vested in anybody, and that when it vests in possession, through a proper disposition of it which is dependent upon the will and conduct of the donee, a succession tax shall be imposed. We think that *Chanler* v. *Kelsey, ubi supra,* looks in this direction, although it does not discuss this particular subject. The decision in *Moffitt* v. *Kelly,* 218 U. S. 400, published since the argument in the present case, is almost, if not quite, decisive of the question.

The decision to the contrary in *In re Lansing,* 182 N. Y. 238, was by four of the judges, two others dissenting in a well reasoned opinion. So the decision in the *Matter of Chapman,* 133 App. Div. (N. Y.) 337, which was afterwards affirmed by the Court of Appeals in 196 N. Y. 561, without an opinion, was by three judges, while two others joined in a dissenting opinion.

We hold that the decree of the Probate Court was correct.

*Decree of Probate Court affirmed.*

*F. Brewster,* for the trustees.

*D. Malone,* Attorney General, *& F. T. Field,* Assistant Attorney General, for the respondent.