WILLIAM A. BURNHAM & another, trustees, *vs.* TREASURER AND
RECEIVER GENERAL.

Suffolk.   March 27, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Tax,* On legacies and successions.   *Power.   Constitutional Law.*

By St. 1909, c. 527, § 8, a succession tax is imposed upon the equal distribution of
certain property among the children of the beneficiary for life under a deed of
trust, made before September 1, 1907, in accordance with a provision of the
deed, by reason of the failure of the beneficiary for life, who died after the passage
of the statute, to exercise a power of testamentary appointment given to him by
the deed to fix the proportions in which such property should be distributed
among his children or grandchildren.   The statute as so applied is constitutional.

MORTON, J.   The question in this case is whether the trust
estate is liable to a succession tax under the provisions of St.
1909, c. 527, § 8, or of St. 1907, c. 563, codified as St. 1909, c. 490,
Part IV.   The Probate Court held that it was liable to such tax
under the provisions of St. 1909, c. 527, § 8, and entered a decree
accordingly.   The petitioner appealed.   The case was reserved by
a single justice for this court "upon the pleadings, decree, claim
of appeal therefrom, and objections thereto, and agreed statement
of facts."

We think that the decree of the Probate Court was right and
should be affirmed.   The terms of the indenture of trust under
which the question arises are so far as material as follows: "And
upon the further trust from and after the death of the said John A.
[Burnham] to pay over to his children or grandchildren, if any,
in such proportion as he may by will direct, and in the absence of
any such will in trust to pay over, transfer and convey all said
property and estate to the children of said John A. and to the
children of any deceased child of said John A. equally, grand-
children taking the portion that would have fallen to their parent
if alive.   And if the said John A. leave no children nor grand-
children then in Trust to pay over, transfer and convey all said
property to the heirs at law of said John A."

John A. Burnham was the son of the settlor and died on Novem-

ber 10, 1910, without having exercised the power. At the time of his death he was a resident of this State. He left three children, amongst whom the trust estate is now to be divided. The indenture of trust was dated October 30, 1869.

St. 1909, c. 527, § 8, is as follows: "Whenever any person shall exercise a power of appointment derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed to be a disposition of property by the person exercising such power, taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and of all acts in amendment thereof and in addition thereto, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

It is clear that John A. Burnham possessed a power of appointment derived from a disposition of property made before September 1, 1907, and that he has omitted or failed to exercise the same within the time provided therefor. To that extent at least the case is within the express terms of the statute. The power of appointment was a limited one and the question is whether effect is to be given to the failure or omission to exercise it like that which the court held in *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, was to be given to the failure or omission to exercise a general power of appointment. If the donee had exercised the power of appointment it seems plain that although the power was a limited one the statute would have applied. *In re estate of Dows,* 167 N. Y. 227.

*In re estate of Cooksey,* 182 N. Y. 92.  *Orr* v. *Gilman,* 183 U. S. 278. *Chanler* v. *Kelsey,* 205 U. S. 466.  It would have applied because the donee would have been regarded as the source of the succession. By his failure to act he equally affected the course of the succession according to the doctrine laid down in *Minot* v. *Treasurer & Receiver General, supra.*  Until the death of the donee and his exercise or failure to exercise the power of appointment it could not be known in what proportions the children or grandchildren would take.  Until that event happened the estate in the children did not become complete and the succession was not fully determined.  It cannot be said therefore that the estate had so vested in the children as to render the imposition of a tax under the statute above referred to unconstitutional.

Even if the remainder had vested in equal parts absolutely in the children before the death of the donee of the power, it would not follow that the tax was invalid.  The tax, as was said in *Attorney General* v. *Stone,* 209 Mass. 186, 190, "is an excise tax, imposed not only upon the right of the owner of property to transmit it after his death, but also upon the privilege of his beneficiaries to succeed to the property thus dealt with. . . . The privilege is not fully exercised until the property shall have come into the possession of the beneficiary."  The tax would be valid therefore as a tax levied upon the privilege exercised by the beneficiaries on their coming into the possession and enjoyment of the property.  See *Keeney* v. *Comptroller of the State of New York,* 222 U. S. 525.

*Decree affirmed.*

*R. F. Sturgis,* for the petitioners.
*F. T. Field,* for the respondent.