MONTAGUE and others, Appellants, vs. THE STATE and another, Respondents.

*March 15—April 11, 1916.*

*Taxation: Inheritance taxes: Transfers by appointment made after passage of law, under power previously created: Transfers resulting from failure to appoint.*

1. The inheritance tax, being a tax upon the transfer or devolution of property or the right of succession thereto, and not a tax upon the property itself, may be properly levied upon a transfer which becomes effective by appointment after the passage of the law under a power previously created.
2. The principle above stated applies to a case where the appointment must be made from a class, as well as to a case where the power is a general one.

3. The provision in sub. (5), sec. 1087—1, Stats., that a transfer re-
sulting from the failure· of the donee of the power to appoint
shall be deemed to constitute a taxable transfer equally with a
transfer resulting from an appointment, is valid because the fail-
ure to act equally affects the course of the succession, and until
such failure is complete the succession is not fully determined.
4. The proviso in sub. (4), sec. 1087—1, Stats., excepting estates
vested before the act and contingent interests created by will be-
fore the act, does not apply to estates or property created by ap-
pointment under sub. (5).

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge.   *Affirmed.*

This was a proceeding commenced by appellants by peti-
tion in the county court of Milwaukee county to determine
whether certain property received by them was subject to the
payment of inheritance taxes.    The facts were that in 1874
Robert H. Cabell, the grandfather of the appellants, conveyed
to certain trustees fifteen city lots in Milwaukee, reserving a
life estate in himself, and creating a life estate at his death
in his daughter Virginia (appellants' mother), and giving
her power to distribute and devise said lots by will in such
manner and proportions as she might choose among her chil-
dren living at her death, and, in case of default in the exercise
of such power, directing the trustees to convey the lots to such
surviving children in equal shares, and, if there were no such
children, to the heirs at law of the grantor.    Cabell died in
1875, leaving a will in which he confirmed the deed of trust.
Virginia, the life tenant, died in December, 1913, leaving
four daughters surviving (the appellants), having executed a
will, afterwards duly probated, by which she exercised her
power of appointment as to a part of said lots, of the aggre-
gate value of $220,478.28, and did not exercise the power as
to the remainder of the lots, of the value of $31,100.

The inheritance tax law, in force at the time of the death
of the life tenant, is found in secs. 1087—1 to 1087—24,
Stats. 1913.   Sec. 1087—1 is the only section important in

this case, and it provides for the imposition of a tax upon all transfers of property to any person or corporation, with certain exceptions, in the following cases: (1) when the transfer is by will or by the state intestate laws on the death of a resident; (2) the same as to a nonresident so far as property within the state or within its jurisdiction is concerned; (3) when the transfer is by deed or grant made in contemplation of death, either by resident or nonresident (provided in the latter case that the property be within the state or its jurisdiction) ; (4) when such person or corporation becomes "beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer whether made before or after the passage of this act; provided, that property or estates which have vested in such persons or corporations before this act shall take effect, shall not be subject to a tax; and provided further, that contingent interests created by the will of any person who died prior to the passage of this act shall not be taxed; (5) whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of sections 1087—1 to 1087—24, inclusive, such appointment, when made, shall be deemed a transfer taxable under the provisions of sections 1087—1 to 1087—24, inclusive, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of sections 1087—1 to 1087—24, inclusive, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

The county court of Milwaukee county imposed an inheritance tax upon the entire property, and, the judgment being affirmed by the circuit court, the petitioners appealed.

*Charles E. Wild,* attorney for the appellants and guardian *ad litem* for minor appellants.

For the respondents there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *John Harrington,* inheritance tax counsel; and the cause was argued orally by *Mr. Brossard* and *Mr. Harrington.*

WINSLOW, C. J.   The following propositions are decided in this case:

1. The inheritance tax, being a tax upon the transfer or devolution of property or the right of succession thereto, and not a tax upon the property itself, may be properly levied upon a transfer which becomes effective by appointment made after the passage of the law under a power previously created, for the reason that the transfer does not become complete until the appointment is made and at that time the law is in effect.   *Matter of Dows,* 167 N. Y. 227, 60 N. E. 439; *Matter of Cooksey,* 182 N. Y. 92, 74 N. E. 880; *Minot v. Treasurer,* 207 Mass. 588, 93 N. E. 973; *State ex rel. Smith v. Probate Court,* 124 Minn. 508, 145 N. W. 390.

2. The principle just stated applies to a case where, as here, the appointment must be made from a class, as well as to a case where the power is a general one.   *Matter of Dows, supra; Burnham v. Treasurer,* 212 Mass. 165, 98 N. E. 603.

3. The provision that a transfer resulting from the failure of the donee of the power to appoint shall be deemed to constitute a taxable transfer equally with a transfer resulting from an appointment, is valid because the failure to act equally affects the course of the succession, and until such failure is complete the succession is not fully determined. *Burnham v. Treasurer, supra.*

4. The proviso in sub. (4) of sec. 1087—1, Stats., excepting estates vested before the act and contingent interests created by will before the act, does not apply to estates or property created by appointment under sub. (5), because it seems clear that by sub. (5) the legislature intended to deal sep-

arately with property or estates created by appointment and to cover that subject completely, hence that an exception contained in another subsection which has ample scope for operation elsewhere is not to be imported into it.

*By the Court.*—Judgment affirmed.