ATTORNEY GENERAL *vs.* JOSEPH G. THORP, trustee.

Suffolk.    February 5, 6, 1918. — April 9, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On legacies and successions.    *Power.*

A widow conveyed by deed to her brother certain personal property upon the
following trusts: "To pay over the net income therefrom to my daughter,
O B V, during her life and in case she has issue surviving her during the con-
tinuance of this trust, to pay the net income in equal shares to them. And to
pay over the principal, in whole or in part, as a fund to be devoted to such
national or philanthropic purpose in Norway associated with the name of my
late husband, O B, as my said daughter during her lifetime or by will may
direct . . . . In case my said daughter shall die without issue and without
directing the payment of said principal, in whole or in part, as above provided,
said principal and any accumulation of income thereon shall be paid either in
equal shares to the surviving children of my said brother or to the carrying out
of the purpose above described, at the discretion of the Trustee." The donor's
daughter died without issue and without having exercised either by deed or
by will the power of appointment as to the whole or any part of the trust fund.
The Attorney General at the relation of the Treasurer and Receiver General
brought an information in equity under St. 1909, c. 266, against the brother
of the donor as trustee under the deed to recover a legacy and succession tax
under St. 1909, c. 527, § 8, on the passing of the property into the control of
the defendant by virtue of the failure of the daughter of the donor to exercise
the power of appointment given to her by the deed of trust. *Held,* that no
legacy or succession tax was due, because no one had become entitled to the
possession or enjoyment of the property by reason of the daughter's failure
to exercise the power given to her, although thereby a new power of appoint-
ment had come into existence.

INFORMATION IN EQUITY, filed by the Attorney General at the
relation of the Treasurer and Receiver General on December 18,
1917, for the collection of a legacy and succession tax alleged to
be due under St. 1909, c. 527, § 8, by reason of the passing to
the defendant of the control of a certain trust fund by virtue of
the failure of Olea Bull Vaughan to exercise a power of appoint-
ment given to her by a deed of her mother, Sara C. Bull, dated
February 5, 1903.

A copy of the deed referred to was attached to the information,
the material portion being as follows:

"Be it known that I, Sara C. Bull of Cambridge, Massachusetts,

hereby give to my brother, Joseph G. Thorp, of said Cambridge, the stocks and bonds hereinafter described to hold and manage as a trust for the following purposes:

"To pay over the net income therefrom to my daughter, Olea Bull Vaughan, during her life and in case she has issue surviving her during the continuance of this trust, to pay the net income in equal shares to them.

"And to pay over the principal, in whole or in part, as a fund to be devoted to such national or philanthropic purpose in Norway associated with the name of my late husband, Ole Bull, as my said daughter during her lifetime or by will may direct. In case my said daughter shall die leaving issue, without directing the payment of said principal, in whole or in part, as above provided, the principal of said fund, in whole or in part, may be paid either to said issue or to the carrying out of the purpose above described, at the discretion of the Trustee. In case my said daughter shall die without issue and without directing the payment of said principal, in whole or in part, as above provided, said principal and any accumulation of income thereon shall be paid either in equal shares to the surviving children of my said brother or to the carrying out of the purpose above described, at the discretion of the Trustee."

The information alleged that Olea Bull Vaughan died without issue and without having exercised either by deed or by will the power of appointment as to the whole or any part of the trust fund.

The case came on to be heard before *De Courcy*, J., who at the request of the parties reserved it upon the information and the answer for determination by the full court, the parties agreeing that this court might draw inferences of fact from any of the facts stated in the pleadings.

*W. H. Hitchcock*, Assistant Attorney General, for the plaintiff.

*E. M. Parker*, for the defendant.

PIERCE, J. This is an information in equity brought under St. 1909, c. 266, to recover a legacy and succession tax alleged to be due from the defendant as the trustee under a deed. The case was reserved by a single justice of this court "upon the information and the answer, the parties agreeing that the court may draw inferences of fact from any of the facts stated in the pleadings."

The question is, whether so much of the fund as was invested in bonds of any corporation, in the shares of stock in Massachusetts real estate trusts, and cash on deposit in a Massachusetts trust company, was subject to a legacy and succession tax under St. 1909, c. 490, Part IV, as modified and extended by St. 1909, c. 527, § 8, as property passing to the appointees of the defendant by virtue of the failure of Olea Bull Vaughan to exercise the power of appointment granted to her by the deed of trust.

It is the contention of the Attorney General that the fund held by the defendant is subject to a legacy and inheritance tax by reason of the provision contained in St. 1909, c. 527, § 8, to the same extent as it would have been taxable had Mrs. Vaughan, acting under that power, directed by her will that it should be paid either to the surviving children of the defendant or to the carrying out of the purpose described in the trust deed at the discretion of the defendant. On the other hand, the defendant contends that the provision of the statute that "a disposition of property taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure" refers and is limited to "only an interest which is contingent upon the conduct of the donee of the power, who can make it vest in them absolutely in possession, or can defeat it altogether." *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, 591. And the defendant further contends that no person or corporation whatever became entitled to the possession and enjoyment of the fund or had succeeded to the title thereto by reason of the failure of Mrs. Vaughan to exercise the power, and argues that a succession and enjoyment only occurred, or could occur, when the trustee deriving power upon the failure of Mrs. Vaughan to direct the payment of the principal, exercised that power and appointed the entire trust fund to a public charity within the purpose of the grantor of the

power or paid the principal of the fund in equal shares to the surviving children of the trustee.

We are of opinion that the contention of the defendant is correct. Neither the children of the trustee nor the public charity could take upon the death of the first donee, if such donee failed to exercise the power; and the trustee did not become the donee of the power under the will by the failure of the donee to direct the payment of the principal, because the power of the donee to create a charitable trust was limited to that purpose, and because the grantor by the trust instrument had determined that the trustee should become the donee of the power in the event of the failure of the original donee to act in her lifetime or by will.

The tax has not been assessed upon the basis of an appointment by the trustee by deed under St. 1909, c. 527, § 8, and we therefore do not determine whether such a tax may be imposed.

It follows that the information must be dismissed with costs.

*Decree accordingly.*