HARRIET C. BINNEY & others *vs*. COMMISSIONER OF
CORPORATIONS AND TAXATION.

Norfolk.   May 15, 1935. — January 2, 1936.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Tax*, On legacies and successions. *Devise and Legacy*, Time of vesting,
Remainder, Power. *Trust*, Construction of instrument creating trust,
Time of vesting, Remainder, Power. *Constitutional Law*, Equal pro-
tection of the law, Taxation.

Interests passing to A's children, whenever born, under the following
trusts, were contingent until A's death: (1) for twenty years after A's
death to pay the income quarter yearly to such of his children as might
be living at the time of payment and to living issue of deceased chil-
dren, and at the end of twenty years to divide the principal equally
among the children then living and the issue of deceased children; (2)
on A's death to distribute the fund as A might by will appoint, and in
default of appointment (which happened) to A's surviving children;
(3) until the death of the survivor of the six children of the settlor,
of whom A was one but not the survivor, to divide the income among
the children and the issue of deceased children, and for twenty years
after the survivor's death to divide the income among the settlor's
grandchildren and the issue of deceased grandchildren, with power
in A (not exercised) to appoint by will the apportionment of income
among his children and their issue.
Contingent remainders created before the enactment of the statute now
G. L. (Ter. Ed.) c. 65, and not vesting until after its enactment, were
taxable under its provisions.
The failure of the life beneficiary of a trust fund created in 1891 to exer-
cise a power to appoint the remainder by will unequally among his
children, was basis for levying a tax under G. L. c. 65, as amended,
upon the equal shares in the remainder passing to his children at his
death in 1931; and the levying of such tax did not violate the Federal
Constitution.
Remainder interests in three trusts passing to one person on the death
in 1931 of the life beneficiary of all three, and contingent until then,
the interest in one trust, settled by the life beneficiary, passing directly
by its terms and the interests in the other two, settled by others, pass-
ing by failure of the life beneficiary to appoint by will, together with
a distributive share in the estate of the life beneficiary passing to
the remainderman, were taxable as a unit under G. L. c. 65, as
amended, though the trusts were settled and the remainderman was
born before the enactment of what was later that statute, and
taken separately two of the remainder interests would be too small
to be taxable and the third would be taxable at a lower rate.

G. L. (Ter. Ed.) c. 65, § 2, laying a succession tax upon interests passing through exercise or nonexercise of powers of appointment, but limited to powers given before September 1, 1907, does not violate the equal protection clause of the Fourteenth Amendment to the Federal Constitution.

PETITION, filed in the Probate Court for the county of Norfolk on September 20, 1933.

The case was reserved and reported by *McCoole*, J.

*C. M. Rogerson*, for the petitioners.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

RUGG, C.J. This is a petition brought in the Probate Court for the abatement of certain inheritance taxes assessed with respect to the estate of Hetty S. L. Cunningham, late of Brookline in this Commonwealth. G. L. (Ter. Ed.) c. 65, § 27. The case has been reserved and reported without decision for our determination upon the pleadings and an agreed statement of facts. Mrs. Cunningham died intestate in August, 1931, leaving as her sole heirs at law four children born in 1885, 1886, 1888 and 1890, who are the petitioners. The net amount of her own estate was $299,241.58. No question arises concerning the inheritance tax on that estate. At her death, each of her children also took interests in property held under three different trusts. All these interests have by the respondent been united with the interest in the estate of the intestate for the purpose of determining the tax. The petitioners contend that these interests under the several trusts cannot be so united. If that contention be sound, two of them are not taxable because not sufficient in amount, and the third must be taxed at a lower rate. The petitioners further contend that, apart from any question of uniting the interests, they are not of a nature taxable under the statute. The three trusts are as follows:

(1) In 1877, the intestate created a trust. Its pertinent terms were these: She reserved to herself only a life estate of the net income but no power to revoke, alter, or amend. From and after her death, for twenty years, the net income was payable by quarter-yearly payments in equal shares

"to and among such of" her children as "may be living at the time of payment," living issue of a deceased child to take by right of representation. At the expiration of the twenty years after the death of the intestate, the trustees were to make division of the principal of the trust equally among her children then living, the issue of any deceased to take by right of representation, with the provision that, if at her death or at any time during the twenty years next thereafter no child or issue of the intestate should be living, the trustees should transfer the principal of the trust to the heirs at law of her father if he then were deceased; otherwise, to her own heirs at law. No one of the interests passing to the petitioners under this trust was large enough to be taxable by itself; such interest was taxable only by uniting it with other interests.

(2) In 1862, Amos A. Lawrence, the father of the intestate, created a trust for her benefit, which was accumulated until 1877, and thereafter the income was paid to her during her life. At her death, the principal and unpaid income were to be distributed to such persons as she might by will appoint and, in default of appointment, to her surviving children. No one of these shares, thus passing directly to each of the four children of the intestate on her death in default of appointment, was large enough to be taxed by itself; such share is not taxable unless united.

(3) Each of the four children of the intestate succeeded on her death to an interest in a trust established under the will of her mother, Sarah E. Lawrence, who died in 1891. Property was thereby left in trust to pay the income to each of her six children, two of whom are now living, and to the issue *per stirpes* of any such child deceased, so long as any of the six children should live; and for twenty years after the death of the last survivor, the income was to be paid to the grandchildren and to their issue *per stirpes*. The will then provided that each child by will might "appoint the shares in which" the income given to his or her children and issue "shall be apportioned among such children and issue," and might also appoint the proportions in which the principal given to such children and issue "shall be divided

among such children and issue." The intestate did not exercise the special testamentary power of appointment given her under the will of her mother. The value of the life interest passing to each of the intestate's children in default of such appointment is approximately $18,000. No one of these interests by itself is subject to a tax in excess of one per cent, but by uniting it with other interests the rate would be four per cent.

Briefly stated, the contentions of the petitioners are (1) that the interests received under the three trusts are not of a nature taxable under G. L. (Ter. Ed.) c. 65, and (2) that the interests under the 1862 trust and the interests under the will of Sarah E. Lawrence cannot be united with each other or with other interests to determine the rate of the tax.

The governing statutory provisions are these: By G. L. (Ter. Ed.) c. 65, § 1, property as therein described "which shall pass by will, or by laws regulating intestate succession, or by deed, grant or gift, except in cases of a bona fide purchase for full consideration in money or money's worth, made in contemplation of the death of the grantor or donor or made or intended to take effect in possession or enjoyment after his death . . . shall be subject to a tax at the percentage rates fixed by" a table. In this table progressive percentages are fixed increasing with the value of the property or interest passing. The last paragraph of said § 1 is in these words: "All property and interests therein which shall pass from a decedent to the same beneficiary by any one or more of the methods hereinbefore specified and all beneficial interests which shall accrue in the manner hereinbefore provided to such beneficiary on account of the death of such decedent shall be united and treated as a single interest for the purpose of determining the tax hereunder." G. L. (Ter. Ed.) c. 65, § 2, reads as follows: "Whenever any person shall exercise a power of appointment, derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed a disposition of property by the person exercising such

power, taxable under section one, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under section one shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

The petitioners contend that their interests arising under the trust established by the intestate in 1877 are not taxable. That contention is based on the facts that the trust was created in 1877 without power to alter or revoke, with life interest in the intestate, and that the youngest of her children was born in 1890, before the passage of any statute imposing an inheritance tax. It is urged that the gift was completed before any tax was permissible. The petitioners invoke *Coolidge* v. *Long*, 282 U. S. 582, as decisive in their favor. In that case, by the terms of the deed and declaration of trust the income was to be paid to the settlors during their joint lives and then the entire income to the survivor, and upon the death of the survivor the principal was to be divided equally among their five named sons; provided that, if any of the sons should predecease the survivor of the settlors, his share should go to those entitled to take his intestate estate under the statute of distributions in force at the date of the death of such survivor. All the sons were living when the trust was established and were named in the trust instrument. That decision rests upon the ground that the remainder vested in the sons of the settlors at the time when the trust instrument was executed and delivered, which was prior to the enactment of the statute imposing the tax. The circumstance that each son was liable to be divested of his interest

in the remainder by his own death before that of the survivor of the settlors was said not to "render the succession incomplete. The vesting of actual possession and enjoyment depended upon an event which must inevitably happen by the efflux of time, and nothing but his failure to survive the settlors could prevent it." *Coolidge* v. *Long*, 282 U. S. 582, at page 598. It was held that to impose a tax in these conditions was an impairment of the obligation of the contract of the trust instrument contrary to art. 1, § 10, of the Constitution of the United States, and also a violation of the due process clause of the Fourteenth Amendment.

The case at bar seems to us distinguishable from *Coolidge* v. *Long*. By the instant trust instrument the income was to be paid to the intestate during her life, and after her death the net income was to be paid by quarter-yearly payments to such of her children "as may be living at the time of payment, in equal shares," with provision for payment to issue of any deceased child, "until the expiration of twenty years next succeeding the death of" the intestate; "and upon the expiration of the said twenty years" to transfer in absolute ownership the corpus of the trust "in equal shares, to and among the children, then living" of the intestate. It is open to doubt whether this gift over could take effect as a remainder and whether its true nature is not an executory limitation. 1 Fearne on Contingent Remainders (10th ed.) 397, 398. *Simonds* v. *Simonds*, 199 Mass. 552. It is not necessary to discuss this point. It appears clear that at most the remainder was contingent and not vested until the death of the intestate. None of her children was born at the time the trust was established. Nothing then vested in them. The children of the intestate up to the moment of her death had no interest in the trust except, at best, "a bare contingent remainder expectant upon her death and their surviving her." *Wright* v. *Blakeslee*, 101 U. S. 174, 177. There are many decisions to the effect that trust instruments of a tenor similar to the one here in issue create contingent remainders, and until the event or date designated for the

vesting arrives the persons to take cannot be ascertained and no estate vests in any one before the happening of that event. *Olney* v. *Hull,* 21 Pick. 311, 315. *Nash* v. *Nash,* 12 Allen, 345, 347. *Thomson* v. *Ludington,* 104 Mass. 193. *Springfield Safe Deposit & Trust Co.* v. *Ireland,* 268 Mass. 62, 66. Gray, Rule on Perpetuities (3d ed.) 86, and cases cited. The case at bar is governed by these decisions. The interest in this trust did not vest in the petitioners until the death of their mother in 1931. That was subsequent to the enactment of the tax law. Whatever interest then vested in them was subject to the tax.

The trust created by Amos A. Lawrence in 1862 gave the intestate a life estate with full power of testamentary appointment and, in failure of such appointment, directed distribution of the corpus of the fund among her children. The succession of the petitioners to the interest in this trust was dependent entirely upon the failure of the intestate to exercise the power of appointment. The intestate was in control of the succession to the interest in this trust so long as she lived, notwithstanding the fact that if no appointment should be made her children would take. The right to enter into enjoyment and possession of this particular trust interest was vested in no one until her death in 1931. It awaited her death and her exercise of, or failure to exercise, the power of appointment before it could descend and vest. *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, 592–593. *Saltonstall* v. *Treasurer & Receiver General,* 256 Mass. 519, 523–524. *Manning* v. *Board of Tax Commissioners,* 46 R. I. 400, 411. The succession, therefore, took effect upon the death of the intestate in 1931. The tax law had been enacted long before that date. The succession was subject to the tax. This point is covered by the decision in *Saltonstall* v. *Saltonstall,* 276 U. S. 260, 270, 271, 272. We are unable to perceive anything inconsistent with this conclusion in *Coolidge* v. *Long,* 282 U. S. 582, or in *Helvering* v. *Grinnell,* 294 U. S. 153.

The interests accruing to the petitioners as children of the intestate under the will of Sarah E. Lawrence did not vest upon the death of the latter in 1891. Under the terms of that

will already stated, the net income of that trust was to be paid, during the lives of her six children, in equal shares to them and to the issue of any deceased child. For twenty years after the death of the survivor of her children, shares in the net income were to be paid quarter yearly to her grandchildren living at the time of payment. This gift of income to the children of the intestate was contingent in a double aspect. In order to take, such child must survive the intestate and also be living at the time of payment. So, also, as to sharing in the principal; grandchildren who decease before the time set for the termination of the trust are excluded and, until that time arrives, the persons to be benefited cannot be ascertained. Apart from these contingencies, the interests of the children of the intestate did not vest upon the death of Sarah E. Lawrence in 1891, because the intestate was given power of appointment of the shares of income among her children. Until her death, the right to this interest vested in no one. *Minot* v. *Treasurer & Receiver General*, 207 Mass. 588, 592–593. *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 269–270. The same principle applies as has been stated with respect to the Amos A. Lawrence trust.

The contention that the failure of the intestate to exercise the special testamentary power of appointment given to her by the will of Sarah E. Lawrence does not afford basis for a tax cannot be supported. The argument is that the intestate was given a special nonexclusive power of appointment which must be exercised, if at all, in favor of her children or issue of a deceased child, that she was not at liberty to exclude any of her children or issue of a deceased child from a share, and that she must give to each a substantial share and could not give a merely nominal or illusory amount. That argument cannot prevail in this Commonwealth. The case at bar on this point is governed by *Burnham* v. *Treasurer & Receiver General*, 212 Mass. 165. The failure of the intestate to exercise the power of appointment is indicative of approval of equal division. There appears to be no reason to overrule this controlling authority. It has not been shaken or weakened by any

subsequent decisions.   We are unable to perceive that it is incompatible with any provision of the Constitution of the United States.

There was no error in uniting the several interests passing to the petitioners on the death of the intestate for the purpose of determining the tax under the last paragraph of G. L. (Ter. Ed.) c. 65, § 1, already quoted.   Manifestly the interests passing under the 1877 trust established by the intestate were properly united with those passing from her by intestate succession.  *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504.   *Pratt* v. *Dean*, 246 Mass. 300. The interests established by the Amos A. Lawrence trust of 1862 and those created by the will of Sarah E. Lawrence may likewise be so united.   It is expressly provided by G. L. (Ter. Ed.) c. 65, § 2, that, whenever property passes by omission or failure of the donee of a power to exercise a power of appointment, "a disposition of property taxable under section one shall be deemed to take place . . . as though the persons thereby becoming entitled . . . had succeeded thereto by a will of the donee of the power. . . ." Those words are thus imported into § 1 of said c. 65 and the property is taxable according to its terms.   It follows that these interests by virtue of these sections are taxable as property of the intestate passing upon her death.   See *Ames* v. *Commissioner of Corporations & Taxation*, 269 Mass. 352.

The provisions of G. L. (Ter. Ed.) c. 65, § 2, are not violative of the constitutional guaranty of equal protection of the laws.   They apply only to the exercise or non-exercise of powers of appointment derived from any disposition of property made prior to September 1, 1907.   This constitutional guaranty does not prevent reasonable classification nor condemn differences resulting from such classification.   Tax laws must become operative on some date.   The date named was when St. 1907, c. 563, became effective by which the tax was made applicable to direct as well as to collateral inheritances.   The legislative intent possibly was to tax succession under St. 1907, c. 563, not as from the donee but from the donor of the power.   Whatever the reason, the classification cannot be pronounced arbitrary or unreasonable.   The

tax operates equally and uniformly as to all within this class. It may fairly have been deemed by the General Court to be founded in the "purposes and policy of taxation." *Watson* v. *State Comptroller of New York*, 254 U. S. 122, 125. *Maxwell* v. *Bugbee*, 250 U. S. 525, 543. *Stebbins* v. *Riley*, 268 U. S. 137, 142. *Louisville Gas & Electric Co.* v. *Coleman*, 277 U. S. 32, 37. *Hayes* v. *Missouri*, 120 U. S. 68, 71, 72. *Colgate* v. *Harvey*, 296 U. S. 404. The decision in *In re Estate of Pedersen*, 198 Iowa, 166, 172, 173, precisely supports the conclusion here reached.

No argument has been made as to the calculation of the tax. What has been said disposes of the controversies as presented. It follows that the petition for abatement must be denied.

*Ordered accordingly.*