## Commonwealth et al. v. Fidelity & Columbia Trust Co. et al.

Dec. 20, 1940.

**2**

Hubert Meredith, Attorney General, A. E. Funk, Assistant Attorney General, Robert E. Hatton and Lawrence S. Grauman for appellant.

Edward Humphrey and Marvin H. Taylor for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The Department of Revenue of the Commonwealth made an inheritance tax assessment against Mrs. Mary W., Selenah, and Theodora Barret, the widow and two infant daughters of Theodore L. Barret. This action was instituted in the Jefferson Circuit Court by the widow, the two infants acting through their guardians, and the executors of the estates of Thomas L. Barret and Theodore L. Barret, to have such assessment canceled. A general demurrer to the petition was overruled, the Commonwealth declined to plead further and prosecuted this appeal from the judgment canceling the tax assessment.

The petition alleged Thomas L. Barret died a resident of Jefferson County, Kentucky, on May 7, 1896, and by his will duly probated there devised one-fifth of his estate, after making some minor bequests, in trust for his son, Theodore, giving him the power of appointment in these words:

> "At the death of my said son Theodore, the share, as it then exists, shall pass as he may direct by last will, to his wife and heirs at law, and in the absence of a will to his widow, if he leave one and to his heirs at law in the same proportion exactly as if he had died owning the same in fee simple according to the law of descent and distribution as it shall then be in force in the State of Kentucky, provided however, that he shall have power to dispose of the same to his wife and heirs at law in such manner as he deems proper by last will and testament executed after he shall have attained the age of thirty years."

Theodore L. Barret was born in 1871 and died at the age of 65 in 1936, a resident of Jefferson County, survived by his widow and two infant daughters. The

older child, Selenah, having been born before the will was written, and the younger child, Theodora, having been born after it was written. It is further alleged in the petition that Theodore exercised the power of appointment given him in his father's will by devising one-half of the net income from the trust estate to his widow for life, or one-fourth thereof in the event of her remarriage, and directing the remaining one-half, or three-fourths, of the income therefrom to be paid to his daughter, Selenah; at the expiration of 21 years after the death of his widow his will appointed all the trust estate to his daughter, Selenah. In the event Selenah did not survive the widow, then after the widow's death the estate passed to Theodore's "heirs living at that time and determined by the laws of the State of Kentucky then in force." Theodora was pretermitted, not being provided for or excluded in her father's will.

The petition further averred that the Fidelity & Casualty Trust Company filed a suit in the Jefferson Circuit Court against the widow and the two infant daughters of Theodore for a construction of the wills of both Theodore L. Barret and Thomas L. Barret. The chancellor held that the will of Theodore violated the rule against illusory appointments as established by the laws of this State as to Theodora and is null and void as to her and that she took one-fourth of the trust estate under the will of her grandfather, Thomas L. Barret; that the widow took one-half interest in the trust estate as is provided in her husband's will and the daughter, Selenah, took the remaining one-fourth of the trust estate as provided therein.

The tax was assessed under Section 4281a-1, Kentucky Statutes, 1930 Edition (being paragraph 3, Section 1, Chapter 111 of the Acts of 1924), which reads:

"Whenever any person shall exercise a power of appointment derived from any disposition of property, made, whether before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and has been bequeathed or devised by such donee by will; and whenever any person possessing such a power of

appointment so derived shall omit or fail to exercise the same within the time provided therefor in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omission or failure, in the same manner as though the person thereby becoming entitled to the possession or enjoyment of the property to which such power related has succeeded thereto by will of donee of the power failing to exercise such power, taking effect of the time of such omission or failure."

Thomas L. Barret died 28 years before this statute was enacted and naturally it lays no tax against property passing under his will; but it was in effect at the death of Theodore L. Barret and if the property passed under the will of the latter, the tax applies. It is the contention of the appellees that the will of Thomas gave his son no real power of appointment and that under the doctrine of illusory appointments as established in this jurisdiction, the donee of the power could not omit any member of the class named in the donor's will and must give to each member thereof a substantial portion of the trust estate, citing Barrett's Ex'r v. Barrett, 166 Ky. 411, 179 S. W. 396, L. R. A. 1916D, 493. By inadvertence the name was spelled differently, but in that case the will of Thomas L. Barret was construed. This court in construing the power given a son, Louis Barret, said that Louis in appointing only $1,000 each to two brothers and a sister, and appointing the balance of $147,000 (his part of the trust fund), to his widow, had made an illusory appointment which was void.

By turning to the will of Thomas L. Barret, we see that his son, Louis, was provided for in the tenth clause thereof, and his son, Theodore, in the eleventh clause. The power of appointment given to each of these donees (Louis and Theodore) is in the same words except this phrase is added to the power given Theodore and omitted from that given Louis:

"Provided however, that he shall have power to dispose of the same to his wife and heirs at law in such manner as he deems proper by last will and testament executed after he shall have attained the age of thirty years."

There can be no doubt from these words that it was

the intention of the donor to give Theodore a broader power than was given Louis, but it could only be exercised after Theodore reached the age of thirty. However, he had reached that age and the donor's will allowed him to appoint to his wife and heirs at law as he deemed proper, hence he could distribute the trust estate among them as he pleased. The only limitations being, he could not appoint to others outside the class of his wife and heirs at law. Since Theodore had the right to appoint as he saw fit to the members of the class mentioned in the donor's will, the appointment to his widow and his daughter, Selenah, were not void, even though he made no appointment to his daughter Theodora, and the tax is enforceable against the part of the trust estate the widow and Selenah received under the appointment.

Appellees rely upon Com. v. McCauley's Ex'r, 166 Ky. 450, 179 S. W. 411. There, the grantor in 1895 conveyed certain lots to one Rock, reserving to herself a life estate therein, also, reserving the right to revoke the deed, which power of revocation was never exercised. Grantor died in October, 1906, leaving a will whereby she devised to Rock all her estate. An inheritance tax became effective in June, 1906, Acts 1906, Chapter 22, Article 19, Section 1, and the Commonwealth contended the lots passed under the will and were therefore taxable. The court held the title to the lots passed to Rock under the deed executed in 1895 and although he took only a defeasible fee in remainder, it was a vested estate and was never defeated by a revocation of the deed, and at the grantor's death her life estate vanished, hence Rock took under the deed and not under the will.

In the McCauley case the court discussed Winn v. Schenck, 110 S. W. 827, 33 Ky. Law Rep. 615, where a son in 1899 devised his estate to his mother, Mrs. Greathouse, and simultaneously with the execution of his will a written contract was entered into between mother and testator, by the terms of which she obligated herself to make and keep on hand at all times during her life a valid will by which she devised to his god-son one-half of the property she would receive from her son's will. Mrs. Greathouse died after the Act of 1906 laying an inheritance tax became effective and the question was whether the godson took under the will of Mrs. Great-

house, or by virtue of the contract made in 1899 between her and her son. The court held as the contract of 1899 was enforceable by the godson, he took under it and not under the will of Mrs. Greathouse, and that the tax did not lie. It was there held that the will in effect devised to Mrs. Greathouse only a life estate in the property in controversy with remainder to the godson.

The McCauley case quotes from the Winn case, which latter cited with approval the cases of In re Lansing's Estate, 182 N. Y. 238, 74 N. E. 882, and Emmons v. Shaw, 171 Mass. 410, 50 N. E. 1033. But the McCauley case is easily differentiated from both the Lansing and Shaw cases. The rule in the Shaw case was abrogated by a subsequent statute as we shall show later. In the Lansing case, the donor devised the estate to a daughter for life with remainder to her heirs at law, the will giving the daughter the power to appoint as she desired to her heirs at law and collateral relatives. The daughter appointed the entire estate to her only child. The New York court held the daughter had the power to defeat the will of the donor, but when she appointed to the person who would acquire the estate under donor's will if no appointment were made, this amounted to no appointment and the beneficiary took under the will of the donor and not under the will of the donee. It is thus seen it was not necessary to base the Winn case on the Lansing case as the beneficiary in the Winn case took by virtue of the contract and the will of Mrs. Greathouse could not deprive him of what was provided in the contract. She was compelled by the contract with the donor to give the beneficiary by her will the property in controversy. Nor is the Lansing case controlling in the McCauley case, as there the beneficiary took under a deed and not under the will.

However, we would not feel inclined to follow the Lansing case, which has not been followed in Manning v. Board of Tax Com'rs, 46 R. I. 400, 127 A. 865, although Rhode Island adopted the New York statute under which the Lansing case was decided. Minot v. Stevens, 207 Mass. 588, 93 N. E. 973, 33 L. R. A., N. S., 236, likewise refused to follow the Lansing case and refused to follow Emmons v. Shaw, 171 Mass. 410, 50 N. E. 1033. In the Shaw case the donor left property to his son for life with power of appointment, but in event the son died intestate donor's will made disposition of the es-

tate. The son executed the power and in refusing to allow the tax to be levied (which had been enacted after the death of the father and before the death of the son), the Massachusetts Supreme Court held that what is done under the power operates as a disposition of the estate of the donor. But the Minot case pointed out that the statute it was applying abrogated the rule in the Shaw case. The statute under consideration in the Minot case is similar to our statute and provided that the estate appointed by the donee should be considered for tax purposes as if it were the property of the donee, and if donee failed to exercise the power the statute took effect as if donee owned the property in fee. In the Minot case the donee declined to appoint and the property descended after her death to her heirs at law as provided in the will of the donor, yet the court held the tax lay for the reason it could not be determined until after donee's death to whom the property would go. The Minot case is approved in Burnham v. Stevens, 212 Mass. 165, 98 N. E. 603, and in Montague v. State, 163 Wis. 58, 157 N. W. 508.

Appellees cite In re Duryea's Estate, 277 N. Y. 310, 14 N. E. (2d) 369, 124 A. L. R. 647, which holds the rule to be that where the appointee takes the same share, or less, that should have passed to him under the will of the donor, such share should be taxed as passing under the will of the donor and not under the will of the donee. A reading of the Duryea case shows it follows the Lansing case—in fact it says the rule it enunciates is not in conflict with the Lansing case. The Manning case recites that although the Rhode Island statute was practically the same as the New York statute (which was held to be constitutional in the Lansing case), it did not follow the Lansing case because Rhode Island had adopted the statute from Massachusetts, which in turn had adopted it from New York, and Massachusetts in the Minot case had refused to follow the Lansing case. As our statute is practically the same as the New York statute, we are confronted with following the Lansing case or the Minot and Manning cases. For the reasons given above, we are confident the latter two cases, and not the Lansing case, express the more logical rule.

It is the settled rule in Kentucky that when the donee of a power exercises the appointment, he is dis-

posing of the property of the donor. Ligget v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S. W. (2d) 720. In quoting from Com. v. Duffield, 12 Pa. 277, it was said in De Charette v. De Charette, 264 Ky. 525, 94 S. W. (2d) 1018, that the donee is the conduit through which the munificence of the donor flows. But it cannot be said that the Legislature in laying a tax on the appointees taking the property is in reality making the tax retroactive and taxing the property of the donor. As was said in the Manning case, the beneficiary had no right to the possession and enjoyment of the estate until the donee's death, thus a new right came into existence and it is this which the statute has taxed.

Appellees argue as the Manning and Minot cases involve a general or non-exclusive power of appointment they are inapplicable to the case at bar wherein the power is limited or special; also, that the illusory appointment doctrine in force in Kentucky was not recognized in the states where the Minot and Manning cases were decided. While it must be conceded that the property disposed of by the appointment is that of the donor, yet the donee is doing the appointing and for taxing purposes it is immaterial whether the power is exclusive or limited, since it cannot be determined what part the beneficiary will take until the appointment is made by the donee, or more correctly speaking, until the donee's death. Nor was the appointment in the instant case an illusory one. It will be noted that Section 4281a-1, Kentucky Statutes, provides that even where the appointment is not made by the donee, the tax applies, and as stated above, we think the Legislature had the right to tax the beneficiaries coming into the possession and enjoyment of the estate at the death of the donee. Thus the statute is not arbitrary and it does not violate Section 2 of the Kentucky Constitution, nor does it violate the due process clause (Fourteenth Amendment) or impair the obligation of contracts (Section 10, Article 1) of the Federal Constitution. Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565; Chanler v. Kelsey, 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882.

Coming now to the pretermitted child, Theodora. The will of the donee, Theodore L. Barret, exercised the power of appointment and this cut off Theodora from taking under the will of her grandfather, Thomas L.

Barret, the donor. Section 4848, Kentucky Statutes, provides where a child is born to testator after the execution of a will and such child is neither provided for nor excluded by the will, but is only pretermitted (as was Theodora), such child should be entitled to take that part of testator's estate as it would have taken if testator had died intestate. But in the circumstances confronting us Theodora cannot take any part of the trust estate under Section 4848, since her father had only a life estate therein with power of appointment. As the statute before us says that for taxing purposes the estate shall be considered as if it were the property of the donee, and as many of the cases construing similar statutes so consider the property for taxing purposes, and to prevent a great injustice to this pretermitted child, in the peculiar circumstances of this case, we hold that she took the same interest in the trust estate as she would had her father owned the property in fee and died intestate. Thus Theodora is liable for the tax the same as is her sister, Selenah, and the same as the widow Mrs. Mary W. Barret.

The judgment is reversed for proceedings consistent with this opinion.

Judge Tilford not sitting.