(Surrogate's Court, New York County. February 13, 1916.)

1. TAXATION ⟨○⟩885—TRANSFER TAXES—ASSESSMENT.
    Transfer taxes may be presently imposed on property over which a legatee has a contingent power of disposal.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. ⟨○⟩885.]

2. TAXATION ⟨○⟩878—TRANSFER TAXES—IMPOSITION.
    Where a testator left property to one for life with power of appointment, the life tenant having exercised the power of appointment, the property passing is taxable for transfer purposes as part of her estate.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. ⟨○⟩878.]

3. TAXATION ⟨○⟩904—TRANSFER TAXES—IMPOSITION.
    Where transfer taxes were imposed on property over which a life tenant was given a power of appointment, and the life tenant died exercising the power, Tax Law (Consol. Laws, c. 60) § 230, declaring that, where the property or any part is transferred to a person or corporation exempt from taxation, or to any person taxable at a rate less than the rate imposed, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which should have been paid, has no application, though, as transfer taxes should have been imposed, on the theory

⟨○⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the property passed under the legatee's appointment, and not the will of the decedent, the first taxes were unauthorized.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1727; Dec. Dig. ☞904.]

4. TAXATION ☞904—TRANSFER TAXES—IMPOSITION.

As the jurisdiction of the surrogate to impose transfer tax is dependent upon a transfer of property having been made as provided by Tax Law (Consol. Laws, c. 60) § 220, the surrogate has jurisdiction to modify his order imposing transfer taxes upon property over which a life tenant was given power of appointment on the theory that it passed by the will, though, the life tenant having exercised the power, such property passed under the power, but the surrogate has no power to direct the state comptroller to return the difference between the taxes first assessed and those assessable on the modified order.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1727; Dec. Dig. ☞904.]

5. TAXATION ☞885—TRANSFER TAXES—IMPOSITION.

Where a testator bequeathed property to one for life with power of appointment, and the life tenant died having exercised the power, transfer taxes cannot be imposed on the value of the remainder; it passing under the power of appointment, and not under the original will.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. ☞885.]

Proceeding to assess transfer taxes upon the estate of William H. Tillinghast, deceased. On application to modify an order assessing the taxes. Application granted.

Dixon & Holmes, of New York City (Jabish Holmes, of New York City, of counsel), for executors and others.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief and of counsel), for state comptroller.

FOWLER, S. This is an application to modify an order assessing a transfer tax upon the estate of the decedent. The order was entered on the 1st day of February, 1904. The decedent died on the 9th of December, 1902, and at the time of his death he was a resident of this state. In paragraph 7 of his will he directed that his residuary estate be held by his trustees, that the rents and profits should be paid to his wife during her life, and that upon her death the sum of $100,-000 should be paid by the trustees to such persons as she during her widowhood by her last will and testament should direct and appoint. He directed his trustees to pay certain legacies out of the remainder after the life estate of his wife, and to divide the balance among certain of his nephews and nieces. The transfer tax appraiser appointed by this court to appraise the estate of the decedent ascertained the value of the widow's life estate in the entire residuary, and of the remainder after such life estate. The order entered on his report assessed a tax upon the remainder (including the remainder in the $100,000, over which she had a power of appointment) against beneficiaries of the 5 per cent. class. The widow exercised the power of appointment

over the sum of $100,000, and this application is made by the trustees to modify the order fixing tax so as to exclude from taxation the property over which the widow exercised the power of appointment.

[1, 2] It is conceded by the state comptroller in the brief filed by him in this matter that the power of appointment given to the widow of the decedent was not absolute, but was contingent upon her remaining the widow of the testator. The property over which such a power may be exercised is presently taxable. Matter of Burgess, 204 N. Y. 265, 97 N. E. 591. The life tenant having since died, and having exercised the power of appointment, the property passing by virtue of the exercise of the power is taxable as part of her estate.

[3] The trustee contends that the death of the widow and the exercise by her of the power of appointment removed the contingency which warranted the taxation of the property subject to the power in the proceeding brought to assess a tax upon the estate of the decedent, and that the surrogate has jurisdiction under section 230 of the Tax Law to modify the order assessing tax so as to exclude from taxation the property over which the widow had the power of appointment. That part of section 230 which the trustee relies upon as authority for his contention reads as follows:

"On the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay, * * * with interest thereon at the rate of three per cent. (3%) per annum from the time of payment."

It is clear that this statute is limited in its application to the cases therein mentioned, namely, where the property is actually transferred to a person or corporation that is exempt from taxation, or where it is transferred to persons who are taxable at a lower rate than that imposed by the order. In the matter under consideration the property over which decedent's widow had a power of appointment was not transferred by the will of the decedent to a person or corporation exempt from taxation or to a person taxable at a lower rate than that imposed by the order fixing tax; that property was not transferred to any person or corporation by the will of the decedent. He gave to his widow a power to transfer it, and as she exercised the power there was no transfer of the property under his will. Therefore that part of section 230 which provides for a refund when the transfer is made to persons taxable at a rate less than that imposed in the original order does not apply to this matter.

[4] An examination of the transfer tax statute shows that it does not provide a specific remedy for a case where the facts are similar to those in the matter under consideration. The Court of Appeals in the Matter of Burgess, supra, expressly refrained from indicating the procedure to be followed for the purpose of recovering the excess tax in a case where the property over which a power of appointment may be exercised was taxed in the estate of the donor of the power and was subsequently transferred by the exercise of the power and

taxed as part of the estate of the donee. It seems to me, however, that the surrogate has power to modify the original order fixing tax where it is made to appear that the contingent power of appointment has been exercised. In such a case there has been no transfer of the property under the will of the donor of the power, and as the jurisdiction of the surrogate to impose a tax is dependent upon a transfer of property having been effected in the manner provided by section 220 of the Tax Law, if there is no transfer of the property there is no jurisdiction to impose a tax. As there was no transfer under the will of the decedent of the remainder after the life estate of his widow in the sum of $100,-000, the surrogate had no jurisdiction to impose a tax upon that remainder, and he may now modify his order so as to exclude the value of such remainder from the taxable assets of decedent's estate. Matter of Morgan, 164 App. Div. 854, 149 N. Y. Supp. 1022, affirmed 215 N. Y. 703, 109 N. E. 1084. The surrogate, however, has no power to direct the state comptroller to refund the difference between the amount of tax assessed by the original order and the amount assessed by the modified order; resort must be had to another tribunal if the state comptroller refuses to make the refund.

[5] The petitioner contends that the original order should be modified by deducting from the taxable interests of the residuary legatees the sum of $100,000. This is incorrect, as the value of the widow's life estate in the sum of $100,000 was transferred under the will of the decedent, and the value of that life interest was therefore taxable. The amount which was taxed in the original order and upon which the surrogate did not have jurisdiction to assess a tax was the value of the remainder after the widow's life estate in the sum of $100,000. The value of this remainder should be ascertained by the state superintendent of insurance, and the order fixing tax will then be modified by deducting the value so ascertained from the taxable interest of the residuary legatees.