Application of Rees: Poss, guardian *ad litem,* Appellant.

*November 15—December 11, 1923.*

*Life estates: Sale of lands to effectuate testator's general intention.*

A will provided that the widow of the testator should receive two thirds of the income from all his property during her life, and on her death all of said property was to be divided among surviving children and their issue as the widow should direct in her will. On her petition under secs. 3519c to 3519l, Stats., for the sale of certain city lots, it being shown that the buildings thereon were in a dilapidated condition and would require a large amount for repairs, and that when repaired they would not be suitable to secure a satisfactory income, it was proper, in view of the discretion given to the widow in the will as to how the property should be divided among her heirs at her death, to order a sale of the lots for a stated amount and on designated terms, there being every reason to believe that the general intent of the testator will be carried out by the order. p. 241.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appeal is from an order ordering the sale of certain real estate in the city of Milwaukee.

*Benjamin Poss* of Milwaukee, guardian *ad litem, in pro. per.*

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* and oral argument by *Perry J. Stearns,* all of Milwaukee.

CROWNHART, J.  John Krom Rees died testate March 9, 1907, in the state of New York, where he was then resident.  His will provided that in lieu of dower his widow should receive two thirds of the income from all of his property, real and personal, during her life; one third of the income of such property was left to his children, to be divided as the widow should direct, and upon the death of his widow all of said property was to be divided equally among the surviving children and their issue as the widow should direct in her will.

The testator died seized of the following described property: Lots 1, 2, 3, 4, and 5 in block 73, original village of Milwaukee, west of the river, in the Fourth ward of the city and county of Milwaukee, Wisconsin.  The title to said property is now in his widow.  Besides his widow he left surviving him three daughters, each of whom is now living, married, and has minor children.  The property was and is mortgaged in the sum of $115,000, which mortgage will become due in 1928 and bears six per cent. interest.  The property is leased and yields a net income of approximately $7,000.

The widow petitioned the county court for the sale of the property, on the ground that the buildings on the property are in a dilapidated condition and will require a large amount of money for repairs; that such buildings, when re-

paired, would not be suitable to secure a satisfactory income, and that instead of being repaired they should be dismantled and new buildings placed on such property; that the widow is not possessed of any means, or are the other heirs possessed of any means, whereby to repair said buildings or to erect new buildings; that the property is worth in the neighborhood of $320,000, and can be sold for that sum; and that the best interests of all the parties concerned require that such property be sold.

The court appointed a referee to take the testimony, and appointed a guardian of said minor children. Upon the coming in of the report of the referee the court ordered the premises sold for $320,000, the purchaser to assume the mortgage and pay the balance in instalments under a land contract. The contract terms are set out in detail in the order of the court, which order is made subject to the approval of this court. From the order so made the guardian *ad litem* appeals.

The petition was made pursuant to secs. 3519c to 3519*l*, Stats. The evidence fully supports the petition and the order of the circuit judge entered thereon. The will of the testator should be carried out according to its terms, in so far as possible. The will in this matter bears evidence of confidence and trust of the testator in his widow. She has it wholly within her discretion as to how the property shall be divided among her heirs at her death. The daughters are all of the age of discretion and judgment, and they are the natural guardians of the minor children interested in the property. The trial judge is a man of long experience and ripe judgment. The daughters filed their written consent to the order. There is every reason to believe that the general intent of the testator will be carried out by the order appealed from, and for the reasons stated the order should be affirmed.

*By the Court.*—The order of the circuit court is in all things affirmed.