IN RE ESTATE OF ALICE O'BRIEN ROBINSON.[1]

June 8, 1934.

No. 29,943.

*Harry H. Peterson,* Attorney General, *Harry W. Oehler,* Deputy Attorney General, and *Roy C. Smelker,* for relator.

*Shaw, Safford & Putnam,* for Charles J. Robinson, executor, respondent.

*STONE, Justice.*

*Certiorari* to the probate court of Hennepin county to review an order in effect refusing to determine an inheritance tax upon property passing under the exercise of a power of appointment in the manner hereinafter indicated.

[1]Reported in 255 N. W. 486.

Under the will of Emma O. O'Brien, admitted to probate in Hennepin county in 1916, a considerable fund was assigned to the Minneapolis Trust Company in trust for the benefit of the testatrix's daughter, Alice O. Douglas, then unmarried, during her lifetime. There was remainder to the issue of the daughter, if any, coupled with a provision that upon her death without issue the principal of the fund should go "to such person or persons as my said daughter by her will may appoint." Thereafter Alice O. Douglas married Charles J. Robinson. For convenience the mother will be from now on mentioned as Mrs. O'Brien and her daughter as Mrs. Robinson. The value of Mrs. O'Brien's estate and the succession tax thereon were determined by a "composition agreement" between the attorney general and the executors. The value of Mrs. Robinson's life estate was fixed at upwards of $420,000 and the tax thereon at upwards of $11,000. Proceeding under the provision of 1 Mason Minn. St. 1927, § 2294, hereinafter quoted, the then value of the contingent remainder to the issue, if any, of Mrs. Robinson was determined as though she were to have one child. The value so determined was $122,824. The resulting tax, $2,609.72, was paid. The "composition agreement" was intended to dispose finally of all questions concerning the inheritance taxes on the estate of Mrs. O'Brien then or at any future time. The payments made thereunder were for the benefit of "any and all persons who may at any time, present or future, receive any part of said property from said estate," i. e. from the estate of Mrs. O'Brien.

The statute followed by the parties to the "composition agreement" in the matter of Mrs. O'Brien's estate and by the court, in the assessment and collection of a tax on the contingent remainder to the hypothetical child of Mrs. Robinson, is the following provision from 1 Mason Minn. St. 1927, § 2294:

"When property is transferred in trust or otherwise, and the rights, interest or estates of the transferee are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax should be imposed upon said transfer at the highest rate which, on the happening of

any of said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred."

This provision came into our law as part of L. 1911, c. 209, § 1, amending the original inheritance tax law, L. 1905, c. 288, § 3. Respondent's resistance to the tax now sought by the state is based upon that statute in its application to the "composition agreement" under which inheritance taxes were levied upon the estate of Mrs. O'Brien.

By L. 1911, c. 372, § 1, the original inheritance tax law was further amended, and among other things there was added what is now 1 Mason Minn. St. 1927, § 2292(5), reading in part as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

The rest of the paragraph has the effect of imposing like taxes where a succession takes place by reason of the omission of a donee to exercise a power.

Mrs. Robinson died testate and without issue in 1920. By her will she exercised the power created by the will of her mother, and disposed of the remainder in the property subject thereto in favor of her husband, Charles J. Robinson. Claiming under the portion of subd. 5 quoted above, the attorney general insists that the state is entitled to an inheritance tax upon the succession of Charles J. Robinson resulting from the exercise of the power by the will of his wife. Respondent opposes and was successful below upon the claim that the portion of 1 Mason Minn. St. 1927, § 2294, above quoted, and the composition agreement pursuant thereto, fixing the inheritance tax upon the succession to the estate of Mrs. O'Brien, ended the whole matter and barred any further tax on the transfer to Mr.

Robinson under the power which his wife exercised by her will.

Running through the whole argument for respondent is the fundamental misconception that the succession to Mr. Robinson, through his wife's exercise of the power of appointment, must be considered as having come from Mrs. O'Brien, the donor, rather than from Mrs. Robinson, the donee, of the power. It was the theory of the common law that property passing by appointment is derived from the donor of the power rather than the donee. But it is competent for the legislature to declare, for the purpose of succession taxes, that the person executing the power shall be considered the source of the estate which is received by reason of the exercise of the power. We so held in State v. Brooks, 181 Minn. 262, 232 N. W. 331. The authorities are there gone into at sufficient length to make unnecessary more delving into case law here.

We assume that § 2294 relating to transfers "in trust or otherwise" would cover the matter if it stood alone. But it is general in terms and must be construed with § 2292. The latter is special and carves out of the general subject of transfers upon "contingencies and conditions" the one of transfers resulting from either the exercise or nonexercise of powers. Hence it is controlling within its limited field as against the general terms of § 2294. Section 2292 declares expressly that an estate taken upon and by reason of the exercise of a power of appointment shall be taxable "in the same manner as though the property * * * belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

That negatives the argument for respondent that Mr. Robinson's succession to the property by reason of his wife's testamentary exercise of the power of appointment must be considered as a succession to a part of the estate of Mrs. O'Brien upon which the full inheritance tax had long ago been levied and paid.

The statute declares, and it may properly do so (State v. Brooks, 181 Minn. 262, 232 N. W. 331), that for purposes of taxation the succession shall be considered as though it comes from the donee rather than the donor of the power. That is enough, plainly, to show that on the merits the argument of the attorney general is

sound and that a tax should be levied upon the succession enjoyed by Mr. Robinson by reason of his wife's exercise of the power created in the will of her mother.

The assessment of inheritance taxes is so far related to and a part of the administration of estates of deceased persons as to be within the constitutional jurisdiction of the probate court. Minn. Const. art. 6, § 7. There is argument here that the respondent, Robinson, as the executor of the estate of his deceased wife, is not liable for the payment of the tax. The probate court, having determined that no tax had accrued, had no occasion to determine who would be liable if in fact there should be a tax. Therefore the question of who is liable is not before us, but is to be determined by further appropriate proceedings in the probate court.

The order under review must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

So ordered.

*DEVANEY, Chief Justice,* took no part.