WILL OF MORGAN: MORGAN, Executor, and another, Appellants, vs. TAX COMMISSION, Respondent.

*December 6, 1937—April 12, 1938.*

For the appellants there were briefs by *Thompson, Gruenewald & Frye* of Oshkosh, attorneys, and *Upham,*

*Black, Russell & Richardson* of Milwaukee of counsel, and oral argument by *Miriam L. Frye* and *Perry J. Stearns* of Milwaukee.

For the respondent there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, attorneys, and *Neil Conway,* inheritance tax counsel, of counsel, and oral argument by *Mr. Persons* and *Mr.* *Conway.*

The following opinion was filed February 15, 1938:

ROSENBERRY, C. J.   Elizabeth S. Morgan died testate on May 3, 1933.   Under a deed of trust executed by her father, Isaac Stephenson, dated May 12, 1917, and under his will which upon his death was duly probated, two trusts were created, Mrs. Morgan being entitled to the income from Part 5 of the trusts during her lifetime and the corpus thereof in the event that she was living at the time of the termination of the trusts.   The corpus under the will-trust was distributable in instalments, three-quarters of the corpus having been distributed prior to Mrs. Morgan's death.   By the terms of her father's will, in the event of her death prior to the termination of the trusts, she had the power to appoint the persons who should receive the income from Part 5 for the balance of the trust period and the corpus upon the distribution thereof.   Mrs. Morgan exercised the power of appointment, and designated in her will the persons entitled to receive such income and corpus.

In the. inheritance tax proceeding in the will of Morgan, the state contends that under the provisions of sec. 72.01 (5), Stats. 1933, which is printed in the margin,[1] the right of the distributee to receive the property should be taxed—

"in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such

---

[1] 72.01 (5) Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of sections 72.01 to 72.24, inclusive,

power, and had been bequeathed or devised by such donee by will."

The appointees contend that when the original order was entered determining the inheritance tax in the estate of Isaac Stephenson, in Marinette county, all of the property in Part 5 of the trusts was subjected to tax, and the transfer to Mrs. Morgan was taxed as though she had received the fee in the property comprising Part 5 of the trusts. The order determining the tax in the estate of Isaac Stephenson was appealed to this court, and was considered in *Estate of Stephenson* (1920), 171 Wis. 452, 177 N. W. 579. It was there held that, if the contingent remainder should be defeated by the death of Mrs. Morgan before the expiration of the trust term, the tax might be adjusted pursuant to secs. 72.15, Stats. (formerly 1087—15), and 72.08 (formerly 1087—8).

After the death of Mrs. Morgan, upon petition, the county court of Marinette county made a redetermination of the inheritance taxes in the estate of Isaac Stephenson, such redetermination being opposed by the state so far as it attempted to impose a tax upon the transfer to the remaindermen. Such redetermination was ordered by the court, the transfer of life estate being taxed to Mrs. Morgan, and the

---

such appointment, when made, shall be deemed a transfer taxable under the provisions of sections 72.01 to 72.24, inclusive, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of sections 72.01 to 72.24, inclusive, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure.

remainder to the persons designated by her. The refund in that proceeding to Mrs. Morgan's estate was $13,740.72. The amount of tax assessed against the transfer to the remaindermen was $12,393.22. The proceedings in the estate of Isaac Stephenson were presented to the county court of Winnebago county in the will of Morgan. The appointees of Mrs. Morgan contend that, this court having held in *Estate of Stephenson, supra,* that the transfer to Mrs. Morgan was subject to taxation as if she took the entire title and that—

"if the contingent remainder is defeated and it passes to another remainderman, an adjustment pursuant to secs. 1087—15 [72.15] and 1087—8 [72.08] will be made;"

the matter was *res adjudicata* for the reason that it was there decided that sec. 72.15 (8) controls all taxable transfers made pursuant to the powers of appointment involved in this case, and that the matter stands decided in this court as to all related subsequent proceedings.

Were it not for the proceeding had in the estate of Stephenson after the death of Mrs. Morgan, the situation here presented would parallel in its essential features, so far as the questions raised in this case are concerned, the matter dealt with in *Montague v. State* (1916), 163 Wis. 58, 157 N. W. 508. It was there held that an inheritance tax might be properly levied upon a transfer which becomes effective by appointment, although the power of appointment was created prior to the enactment of the statute and was not exercised until after the enactment of the statute. The court there said (p. 61):

"The proviso in sub. (4) of sec. 1087—1, Stats. [72.01 (4)], excepting estates vested before the act and contingent interests created by will before the act, does not apply to estates or property created by appointment under sub. (5), be-

cause it seems clear that by sub. (5) the legislature intended to deal separately with property or estates created by appointment and to cover that subject completely, hence that an exception contained in another subsection which has ample scope for operation elsewhere is not to be imported into it."

In that case it was held that a transfer resulting from the failure of the donee of the power to appoint was taxable equally with a transfer resulting from an appointment, and was valid because the failure to act equally affects the course of the succession, and until such failure is complete the succession is not fully determined. In the *Montague Case* the tax was imposed upon the basis of the value of the entire property.

It is clear, therefore, that except for the subsequent proceedings had in the estate of Stephenson, the determination of the trial court would be right. Prior to her death Mrs. Morgan had received three fourths of the trust estate. When she died, her estate was clearly entitled to an adjustment of the tax paid by her in the Isaac Stephenson estate. That was no doubt the adjustment referred to in the opinion in *Estate of Stephenson, supra.* Under the statute, at the instant of Mrs. Morgan's death, she having exercised the power of appointment by will, the transfers to the distributees under her will were taxable as a part of her estate under the provisions of sec. 72.01 (5), Stats. What the appointees claim in this case is that by going in to the estate of Stephenson in Marinette county, and in spite of the opposition of the state, having a redetermination of the tax, not only as to the rights of Mrs. Morgan but by having tax levied on the transfer to the appointees under Mrs. Morgan's will, they can defeat the right of the state to levy a tax upon the transfer to the appointees in the will of Morgan. It may be true, as contended by the appellants in this case, that as applied to

certain states of fact the sections under consideration are conflicting and ambiguous. We see no difficulty in applying them to the facts in this case. When the time for redetermination of the tax arrived, the situation of the remaindermen or appointees had been materially changed. The estate to which they were entitled had become definite and certain. They were the appointees under the will of Elizabeth Morgan. They take as such. The transfer to them of the property in question was therefore taxable under the provisions of sub. (5). The argument presented by the appointees in support of their position is logical enough if sub. (5) is dropped out of consideration. It is no doubt true that under the common law an appointee takes title from the donor and not from the donee. If the appointees had not in the estate of Stephenson insisted upon having the transfer to them taxed in that estate, there would be no double taxation, and no question as to whether the transfer to the appointees is properly taxable. Taking by appointment under the will of Elizabeth Morgan, as they do, we see no escape from the conclusion that the transfer of the property to the appointees was taxable, as was held by the trial court, in her estate. She not having realized the fee to the property, her right to do so being contingent upon her surviving the trust period, her estate was entitled to a redetermination of the tax. If the appointees are involved here in the matter of a double taxation, it seems to be a plight of their own creation.

The appointees refer to the Restatement, Property (Tent. Draft No. 7), p. 123, § 456. The propositions there relied upon are dependent upon the first clause in the section which provides that—

"statutes imposing taxes upon the devolution of property upon death are construed as follows with reference to property covered by a power of appointment unless the legislature manifests a contrary intent:

"(a) The transfer of such property is from the donor, not from the donee, to the appointees or takers in default; . . .

"(d) Property covered by the power is not part of the 'estate' of the donee or 'property which passes by will' of the donee, whether or not the power is general and whether or not the donee exercises it. . . ."

The appointees contend that no such contrary intent has been manifest by the legislature of the state of Wisconsin. It is considered that it was held to the contrary in *Montague v. State, supra.*

But for the provision of sub. (5) the interest of the remaindermen would be taxable in the estate of Stephenson. It is considered that the effect of the statute under the circumstances of this case is to make the transfer taxable in the estate of Morgan. Sub. (5) takes out of sec. 72.15 (8), Stats., a particular transfer and makes that transfer taxable in the estate of the appointee. We see nothing inherently difficult in the administration of the law as applied to the facts in this case. At the time of the redetermination of the tax in the estate of Stephenson all interests were fixed and certain. Under the statute when that occurs the transfer to the remaindermen under the facts of this case is taxable in the estate of the donee and not in the estate of the donor.

*By the Court.*—Order affirmed.

The following opinion was filed April 12, 1938:

PER CURIAM (*on motion for rehearing*). In the opinion filed it was stated that after the death of Mrs. Morgan proceedings were had in the estate of Isaac Stephenson in the county court of Marinette county; that a redetermination of the tax was opposed by the state. In the original briefs of counsel for appellants it was argued that the law should not

be so construed as to allow double taxation. In response to that contention it was said in the opinion :

"If the appointees are involved here in the matter of a double taxation, it seems to be a plight of their own creation."

This statement was based upon statements made in the briefs of counsel for the state and upon statements made upon the oral argument. In his brief the assistant attorney general said :

"However, it will be an anomaly if the entry of such order in that estate [Stephenson estate] over the objections of the tax authorities and no appeal being taken therefrom could preclude sec. 72.01 (5), Stats., an express legislative mandate, from being effective. The adjustment or redetermination of the inheritance tax in the Isaac Stephenson estate was over the objection of the tax authorities, so there certainly cannot be said to have been any consent thereto or estoppel thereby."

The motion for rehearing is based in part upon the proposition that the decision in the estate of Morgan is based upon a mistake of fact which is that this court considered that the state did not seek to impose a tax upon the remaindermen in the Stephenson estate. As already indicated, reference to the Stephenson estate was in response to argument made in respect to double taxation by counsel for the estate of Morgan. The decision in the estate of Morgan is by its clear and express language rested upon a matter of statutory construction. So far as construction of the statute there under consideration was concerned, it was immaterial whether a tax was imposed in the Stephenson estate upon petition of the remaindermen or whether the initiative was taken by the state. If error was committed in the determination of the tax in the Stephenson estate it cannot be corrected in the estate of Morgan. It appeared to be conceded upon the oral argu-

ment, and is supported by reasonable inferences from the statement in brief of counsel for the state which were not referred to in the reply brief, that the proceeding in the Stephenson estate was initiated by or on behalf of the remaindermen. Whether or not that is true is immaterial so far as the decision in the estate of Morgan is concerned.

Motion for rehearing denied with $25 costs.