WILL OF NUNNEMACHER: NUNNEMACHER and another, Executors, Appellants, vs. TAX COMMISSION, Respondent.

*December 7, 1938—January 10, 1939. .*

94

For the appellants there was a brief by *Olwell & Brady,* attorneys, and *Benjamin Poss,* guardian *ad litem,* all of Milwaukee, and oral argument by *Bernard V. Brady.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *Albert B. Houghton,* public administrator of Milwaukee county, and oral argument by *Mr. Persons* and *Mr. Conway.*

MARTIN, J. The sole issue here is whether the inheritance taxes paid in the Robert Nunnemacher estate pursuant to the composition agreement preclude the imposition of inheritance taxes in the estate of Louise Nunnemacher, deceased. The appellants contend that the composition agreement covered and composed the tax which might otherwise become assessable in respect of the future exercise or nonexercise of the power of appointment. Respondent contends:

"That the liability of the estate of the donee [Louise Nunnemacher] of a power of appointment for inheritance taxes imposed by sec. 72.01 (5), Stats., in respect to the exercise of such power is in no way affected or controlled by anything that takes place or is done in the estate of the donor [Robert Nunnemacher] of such power in reference to inheritance taxation in the latter estate."

The composition agreement to which reference has been made was entered into under sec. 1087—21, Stats. 1911 (now sec. 72.21, Stats. 1937), which provides:

*"Expectant estates; compounding tax; agreement, filing.* The public administrator with the consent of the state treasurer and the attorney general, expressed in writing, is authorized to enter into an agreement with the executor, administrator, or trustee of any estate therein situate, in which

remainders or expectant estates have been of such a nature or so disposed and circumstanced that the taxes therein were held not presently payable or where the interests of the legatees or devisees are not ascertainable under the provisions of this act, and to compound such taxes upon such terms as may be deemed equitable and expedient and to grant discharges to said executors, administrators, or trustees upon the payment of the taxes provided for in such composition, provided, however, that no such composition shall be conclusive in favor of said executors, administrators, or trustees as against the interests of such *cestui que trust* as may possess either present rights of enjoyment of fixed, absolute, or indefeasible rights of future enjoyment, or of such as would possess such rights in the event of the immediate termination of particular estates, unless they consent thereto either personally when competent or by guardian. Composition or settlement made or affected under the provisions of this section shall be executed in triplicate and one copy shall be filed in the office of the state treasurer; one copy in the office of the judge of the county court in which the tax was paid; and one copy to be delivered to the executors, administrators, or trustees, who shall be parties thereto."

The composition agreement was signed by all interested parties and was ratified and confirmed by the county court. It appears that the executors and trustees of the Robert Nunnemacher estate estimated and paid the inheritance tax within one year from the date of his death and at least more than one year prior to the date of the composition agreement. Reference is made to this fact in the composition agreement and in the order of the county court confirming composition and determining tax in Robert Nunnemacher's estate. The total tax paid by the executors and trustees as tendered and received by the county treasurer of Milwaukee county amounted to $18,860.20. Upon final determination the executors and trustees were allowed a five per cent discount under sec. 1087—6, Stats. 1911, which amounted to $943.01.

The order of the county court determining the inheritance tax further provides:

"That upon the filing of the proper receipt herein showing the payment to the county treasurer of the amount of inheritance taxes as determined by said agreement and recited herein, the executors and trustees under the will of said deceased [Robert Nunnemacher], stand thereby discharged from further liability on account of the payment of the inheritance taxes herein."

However, as appears from the statement of facts preceding this opinion, the total inheritance taxes paid in the Robert Nunnemacher estate represented the taxes due or to become due out of the shares of his widow, son, and daughter and the other legatees named in his will.

Sec. 1087—1 (5), Stats. 1911 (now sec. 72.01 (5), Stats. 1937), provides:

*"Transfer under power of appointment.* (5) Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of sections 1087—1 to 1087—24, inclusive, such appointment, when made, shall be deemed a transfer taxable under the provisions of sections 1087—1 to 1087—24, inclusive, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of sections 1087—1 to 1087—24, inclusive, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

It is true as contended by appellants that when the composition agreement was made no one could then tell what tax, if any, might subsequently arise in respect of the remainder, through either the exercise or the failure to exercise the power of appointment. This is so because as appellants state in their brief:

"For no one could then tell whether the remainder would go to 'legal heirs' of Louise Nunnemacher (through a failure on her part to exercise the power of appointment), or who those heirs would be, or how many they would be, or in what relation of kinship they might stand to her or to Robert Nunnemacher. So if the assumption were adopted that Louise Nunnemacher would not execute the power of appointment there was no way of then determining the amount of the tax on the remainder. On the other hand, if the assumption were adopted that she would execute the power of appointment, there was no way of then determining who the appointees might be, how many they might be, in what amounts respectively they might take, and in what relation of kinship, if any, they or any of them might stand to her or Robert Nunnemacher, or of telling whether the appointees might not be charities or other entities exempt from the assessment of tax."

The executors and trustees of the Robert Nunnemacher estate could have availed themselves of the provisions of sub. (4) of sec. 1087—5, Stats. 1911, which so far as here material provides:

"Taxes upon the transfer of any estate, property or interest therein, limited, conditioned, dependent, or determinable upon the happening of any contingencies or future effect, by reason of which the fair market value thereof cannot be ascertained at the time of transfer, as herein provided, *shall accrue and become due and payable when the beneficiary shall come into actual possession or enjoyment thereof.*"

In other words, they had the right to hold open the assessment of tax in respect to the estates and interests relating to the remainder.

Appellants argue that the beneficiaries of the Robert Nunnemacher estate have paid an undeterminable amount which could not have been exacted of them at the time the composition agreement was made otherwise than under the terms of said agreement. The computation of the inheritance tax in the Robert Nunnemacher estate which was in fact computed and tendered to the county treasurer of Milwaukee county more than a year prior to the date of making the composition agreement does not disclose the inclusion of any inheritance tax because of the power of appointment given Louise Nunnemacher under her husband's will. Notwithstanding the phraseology of the composition agreement, the trial court, who had this whole matter before it and who approved the agreement, found as a fact:

"It was the intention of the parties thereto that said composition agreement was to relate solely to inheritance tax resulting from the death of Robert Nunnemacher and said agreement does not apply to any tax that may result in the exercise of the power of appointment by Louise Nunnemacher, deceased."

And as a conclusion of law the court found:

"That the composition agreement made and entered into in the estate of Robert Nunnemacher, deceased, was not intended by the parties, and as a matter of law, does not bar the imposition of an inheritance tax on the exercise of the power of appointment in the estate of Louise Nunnemacher, deceased."

Regardless of the intention of some or all of the parties to the composition agreement, we conclude that sec. 72.01 (5), Stats., imposes an inheritance tax in the estate of a donee (Louise Nunnemacher) on a power of appointment which she in fact exercised. This is the plain language of the statute, and this court so held in the recent cases of *Will of Morgan,* 227 Wis. 288, 277 N. W. 650, 278 N. W. 859. To the same effect see *Montague v. State,* 163 Wis. 58, 157

N. W. 508; *In re Robinson's Estate,* 192 Minn. 39, 255 N. W. 486; *In re Tillinghast's Estate,* 94 Misc. 76, 157 N. Y. Supp. 379, 382.

Appellants further contend that the order of the county court in the Robert Nunnemacher estate approving the composition agreement and determining the tax was one the county court was authorized to make, and the matter is *res adjudicata* in favor of the estate of Louise Nunnemacher, her appointees, and legatees. This contention cannot be sustained. The order and judgment of the county court approved the composition agreement and determined the inheritance tax in that estate. It seems clear that the authority conferred by sec. 1087—21, Stats. 1911 (now sec. 72.21, Stats. 1937) to make composition agreements as to inheritance taxes must necessarily be limited to the estate in which the agreement was made. The parties by agreement in the Robert Nunnemacher estate could not compromise inheritance taxes which thereafter accrued in the estate of Louise Nunnemacher, and it is clear that the county court did not do so. In any event, the order and judgment entered by the court in the Robert Nunnemacher estate would not be *res adjudicata* here. The necessary elements to constitute a good defense by way of former adjudication are:

(1) Identity in the thing sued for;

(2) Identity of the cause of action;

(3) Identity of persons and parties to the action; and

(4) Identity of the quality in the persons for or against whom the claim is made. *Rahr v. Wittmann,* 147 Wis. 195, 202, 132 N. W. 1107; *Lindemann v. Rusk,* 125 Wis. 210, 237, 104 N. W. 119. In the instant case, we have different parties, different rights, and a different subject matter.

The order and judgment of the county court must in all respects be affirmed.

*By the Court.*—Order and judgment affirmed.