**KEARNEY TRECKER EMPLOYEES UNION LOCAL 1083 UAW CIO, Plaintiff,**

v.

**KEARNEY & TRECKER CORPORATION, a corporation, Defendant,**

**Employees Independent Union, CUA, at Kearney & Trecker Corporation, Impleaded Defendant.**

No. 5284.

United States District Court, E. D. Wisconsin.

Sept. 17, 1956.

Max Raskin, Milwaukee, Wis., for plaintiff.

Lamfrom & Peck, Milwaukee, Wis., for defendant Kearney & Trecker Corp.

Sydney M. Eisenberg, Milwaukee, Wis., for impleaded defendant Employees Independent Union, CUA, at Kearney & Trecker Corp.

GRUBB, District Judge.

This case is before the court on the motion of Employees Independent Union, impleaded defendant, for summary judgment. Employees Independent Union had urged that a decision of the 7th Court of Appeals, Kearney & Trecker Corp. v. N. L. R. B., 1954, 210 F.2d 852, is res adjudicata or at least stare decisis on the issues before this court. The above case was an action to review and

set aside an order of the National Labor Relations Board which related to Kearney & Trecker Corporation's duty to bargain with Local 1083. The parties in the prior action were different from those in the instant case; the issues were different; and the causes of action are different. For that reason, in the court's opinion, Kearney & Trecker Corp. v. N. L. R. B., supra, is not res adjudicata on the issues herein. Lindemann v. Rusk, 125 Wis. 210, 237, 104 N.W. 119; In re Will of Nunnemacher, 230 Wis. 93, 102, 283 N.W. 326.

It was stated in Russell v. Place, 1876, 94 U.S. 606, 608, 24 L.Ed. 214:

> "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the *precise question was raised and determined* in the former suit." (Emphasis supplied.) See also Aetna Life Ins. Co. v. Board of Com'rs of Hamilton County, Kan., 8 Cir., 1902, 117 F. 82.

The question of the ownership of the disputed union funds was not before the Court of Appeals and for that reason could not be determined by it. Indeed, the Court of Appeals stated in its opinion that it did not intend to prejudge the question of ownership of the disputed funds.

This court does not believe that Employees Independent Union's claim, that the Court of Appeals' decision constitutes stare decisis, applies here.

It is the opinion of this court that issues of fact have been raised in the pleadings and affidavits on file. For that reason, the impleaded defendant's motion for summary judgment is denied. In view of the belief that these issues must be tried, any comment on the claims of the parties or the facts would be inappropriate.